

**NUMBER 13-09-00321-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**VALENTINE REYES,**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                          **Appellee.**

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela**
**Memorandum Opinion by Justice Benavides**

Appellant, Valentine Reyes, appeals from his conviction for bribery. *See* TEX. PENAL CODE ANN. § 36.02 (Vernon 2003). On appeal, Reyes argues that the evidence is legally and factually insufficient to support the jury's verdict. We affirm.

## I. BACKGROUND[1]

On October 28, 2008, during his hourly check of the jail cells at the Kleberg County Jail, Tony Macias, a detention officer with the Kleberg County Sheriff's Office, was engaged in a conversation with Reyes, an inmate in the jail. Reyes asked Macias if Macias could get him a phone charger. Macias then notified the shift lieutenant, who procured an audio recorder, put it in Macias's pocket, and sent Macias back to see what additional information he could gather.

When Macias reentered the inmate area, Frank Fuentes, another inmate, asked Macias if Macias would charge his cell phone for him. Fuentes testified that this was the same cell phone Reyes had discussed with Macias. Fuentes noted that he and Reyes are not in the same cell but that their cells are about four feet apart across a corridor, and they can talk to each other. Fuentes offered to pay Macias $50 for charging the phone. Macias took the phone from Fuentes and gave it to the shift lieutenant. Macias testified that cell phones, chargers, batteries, and cigarettes are not allowed in the jail and that such items are contraband.

After giving the phone to the shift lieutenant, Macias went back into the inmate area and spoke with Reyes. Reyes inquired if Macias wanted to receive the money from Reyes's mother or sister, who often came to visit Reyes in the jail. Reyes mentioned that his mother or sister would leave the money during visitation. Macias said he would receive the money from Reyes's sister; however, she did not appear during visitation that day.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will only discuss the facts as necessary for the resolution of the appeal. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

Reyes's mother was present, but she did not give any money to Macias.

Fuentes saw Macias go to the visitation and then return from the visitation area. Reyes told Fuentes that his sister did not show up and that Macias had approached Reyes's mother. Fuentes and Reyes then decided to get the money wired to Macias.

Subsequently, Macias approached Fuentes and asked Fuentes for the money. Fuentes offered to wire the money to Macias via Western Union. Fuentes's mom and sister wired the money to an address provided by Macias. Marty Hernandez, an assistant jail administrator of the Kleberg County Jail and a lieutenant with the Kleberg County Sheriff's Office, confirmed that Fuentes's family had sent the money via Western Union.

Fuentes was indicted as a co-defendant with Reyes, and Fuentes testified that he had accepted a deal from the State in exchange for his testimony. Fuentes stated that he had been previously convicted of aggravated robbery.

The jury convicted Reyes of bribery, and the trial court sentenced him to twelve years' imprisonment. This appeal ensued.

## II. STANDARD OF REVIEW

When reviewing the legal sufficiency of the evidence, we must determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'—not whether '[we believe] that the evidence at the trial established guilt beyond a reasonable doubt.'" *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). "[W]e assess all of the evidence "'in the light most favorable to the prosecution.'" *Id.* (quoting *Jackson*, 443 U.S. at 319). "After giving proper deference to the factfinder's role, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to any essential element."

3

*Id.* at 518 (citing *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992)).

"Evidence that is legally sufficient, however, can be deemed factually insufficient in two ways: (1) the evidence supporting the conviction is 'too weak' to support the factfinder's verdict, or (2) considering conflicting evidence, the factfinder's verdict is 'against the great weight and preponderance of the evidence.'" *Id.* (quoting *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006)). In conducting a factual sufficiency review, we defer to the jury's findings. *Id.* We consider all of the evidence in a neutral light and will "find the evidence factually insufficient when necessary to 'prevent manifest injustice.'" *Id.* (quoting *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)). Additionally, "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We measure the legal and factual sufficiency of the evidence based on a hypothetically correct jury charge. *Grotti v. State*, 273 S.W.3d 273, 280-81 (Tex. Crim. App. 2008). A hypothetically correct jury charge "accurately promulgates the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or restrict the state's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* In a hypothetically correct jury charge, the elements of bribery under section 36.02 are: (1) intentionally or knowingly, (2) "offers, confers, or agrees to confer on another," (3) a benefit, (4) "as consideration for a violation of a duty imposed by law on a public servant." *See* TEX. PENAL CODE ANN. § 36.02(a)(3). Reyes was charged with "intentionally or knowingly [conferring or agreeing to confer] a benefit . . .

4

to wit: U.S. Currency, to Tony Macias, as consideration for the smuggling of contraband into the Kleberg County Jail by the said Tony Macias as a public servant, to wit: a detention officer for the Kleberg County Jail."

## III. DISCUSSION

Reyes contends that the evidence is legally and factually insufficient to support the jury's guilty verdict. Specifically, Reyes argues that the evidence is not sufficient to prove that he paid or agreed to pay Macias any money and that the evidence is insufficient to prove that Reyes sought to have any contraband smuggled into the jail. We disagree and address each contention in turn.

### A. Payment or Agreement to Pay

The evidence of record demonstrates that Reyes asked Macias whether Macias could obtain a phone charger for him. Reyes offered to have his mother or sister leave the money for Macias during visitation. Macias agreed to receive the money from Reyes's sister, but she did not show up at visitation. Fuentes and Reyes then decided to have the money wired to Macias. Fuentes's mother and sister wired the money to Macias.

Reyes argues that the evidence indicates that he never "consummated an agreement to pay . . . ." The hypothetically correct jury charge does not require the agreement to be "consummated." The hypothetically correct jury charge merely requires that the defendant "offer, confer or agree to confer on another . . . any benefit . . . ." *See id.* § 36.02(a)(3). Reyes offered to pay the money to Macias and agreed with Macias to have the money delivered by Reyes's sister. Reviewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found that

5

this element of bribery was established by the evidence beyond a reasonable doubt. *See Laster*, 275 S.W.3d at 517. Reviewing the evidence in a neutral light, we further conclude that the jury's verdict is not against the great weight and preponderance of the evidence nor is it too weak to support the jury's verdict. *Id.* at 518.

## B.      Smuggling Contraband

Reyes contends that there is no evidence that he sought to have Macias smuggle contraband into the jail. Reyes asserts that the cell phone and cell phone battery were already in the jail. Reyes further argues that no request was ever made to have a cell phone charger smuggled into the jail.

Macias testified that Reyes asked him if Macias could get him a cell phone charger. Fuentes stated that he offered Macias $50 to "charge the phone" but that he did not need a charger. Fuentes agreed with Macias and Hernandez that cell phone chargers are contraband and that inmates are not allowed to possess them in the jail.

As the fact finder, the jury was responsible for measuring the weight and credibility of the evidence. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We must defer to their resolution of the factual issues. *See id.* Here, the jury chose to believe that Reyes had asked Macias to get him a cell phone charger, which inmates are not allowed to possess. We will not disturb this decision on appeal. Reviewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found that Reyes asked Macias to procure a cell phone charger for him. *See Laster*, 275 S.W.3d at 517. Reviewing the evidence in a neutral light, we further conclude that the jury's verdict is not against the great weight and preponderance of the evidence nor is it

6

too weak to support the jury's verdict. *Id.* at 518. Having determined that the evidence is legally and factually sufficient, we overrule Reyes's appellate issue.

## IV. Conclusion

Having overruled Reyes's appellate issue, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
15th day of July, 2010.

7